IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY COLLINS :
    Plaintiff :
    vs. : C.A. #02-
PHILADELPHIA HOUSING AUTHORITY, :
LINDA MOORE, LEONARD LEFTWICH :
JOHN CALHOUN & CARL GREENE :
    Defendants :

COMPLAINT

## I. PRELIMINARY STATEMENT

1. The plaintiff has instituted this action, pursuant to 42 U.S.C. Section 1983, and the U.S. Housing Act, 42 U.S.C. Section 1437, against the defendants for declaratory and injunctive relief directing defendants to:

    a) Comply with the grievance process mandated by 24 C.F.R. Sections 966.5 *et seq*.;

    b) Comply with the provisions of the consent decree in Brown, et al. v. PHA, et al., C.A. #72-2083 (E.D. Pa. 1974 *as amended* 1979); and

    c) Comply with the provisions of the consent decree in Goodmond v. PHA, et al., C.A. #75-777 (E.D. Pa. 1979) (Green, J.).

2. The plaintiff also seeks compensatory and punitive damages for the defendants' violations of the plaintiff's due process rights.

3. The plaintiff also seeks the correct calculation of her public housing rent pursuant to:

    a) The lease agreement between the parties;

    b) The U.S. Housing Act, 42 U.S.C. § 1437a;

    c) The supporting regulation at 24 C.F.R. § 5.609(c)6; and

    d) The U.S. Higher Education Act, 20 U.S.C. § 1087uu.

**II. JURISDICTION**

4. Jurisdiction is conferred on this court by 28 U.S.C. Sections 1331, 1343(2), (3) and (4), and 2201 and 2202.

5. Plaintiff seeks supplemental jurisdiction over her Pennsylvania state law claim pursuant to 28 U.S.C. § 1367.

**III. PARTIES**

6. Shirley Collins is an adult individuals residing at 5950 Opal Street, Philadelphia, Pennsylvania.

7. The Philadelphia Housing Authority (hereinafter "PHA") is a body, corporate and politic, exercising the public powers of the Commonwealth of Pennsylvania as an agency thereof and having the statutory right to sue and be sued. Its main office is located at 2012 Chestnut Street, Philadelphia, Pennsylvania.

8. Leonard Leftwich the PHA area manager for the area of the city in which the plaintiff's PHA unit is located. He is responsible to see that the unit is kept in safe, decent and sanitary condition. He is also responsible to see that the plaintiff's manager properly carries out the responsibilities of her job and that PHA complies with the appropriate laws, regulations and consent decrees. His office is located at Rising Sun and Adams Avenues, Philadelphia, Pennsylvania. He is being sued in both his official and individual capacities.

9. Linda Moore is the PHA manager for the plaintiff's PHA unit. She is responsible to see that the unit is kept in safe, decent and sanitary condition. She is also responsible to see that PHA complies with the appropriate laws, regulations and consent decrees. Her office is located at 5920 Morton Street, Philadelphia, Pennsylvania. She is being sued in both her official and individual capacities.

10. John Calhoun is the general manager of the PHA conventional site program. He is responsible to see that the plaintiff's PHA unit is kept is safe, decent and sanitary condition. He is also responsible to see that Linda Moore and Leonard Leftwich properly carry out the responsibilities of their jobs and that PHA complies with the appropriate laws, regulations and consent decrees. His office

is located at 1310 Lehigh Street, Philadelphia, Pennsylvania.  He is being sued in both his corporate and individual capacities.

11.  Carl Greene is the executive director of PHA.  He is responsible to see that the plaintiff's PHA unit is kept is safe, decent and sanitary condition.  He is also responsible to see that Linda Moore, Leonard Leftwich and John Calhoun properly carry out the responsibilities of their jobs and that PHA complies with the appropriate laws, regulations and consent decrees.  His office is located at 12 S. 23rd Street, Sixth Floor, Philadelphia, Pennsylvania.  He is being sued in both his corporate and individual capacities.

### IV.  FACTS

12.  Shirley Collins is a long time PHA tenants residing in a PHA conventional site rental unit at 5950 Opal Street, Philadelphia, Pennsylvania (hereinafter "rental unit"), a public housing rental unit that is owned and operated by the Philadelphia Housing Authority.

13.  Commencing with December of 1999 and continuing through July of 2001, defendants set Ms. Collins' rent based upon, in part, her work study earnings at the Community College of Philadelphia.

14.  As a result, on or about March 10, 2001 the plaintiff filed an administrative grievance, pursuant to the federal regulations and the <u>Brown</u> consent decree, seeking, *inter alia*, to have her rent correctly adjusted.  A copy of that grievance hearing request is attached hereto as Exhibit "A".

15.  A grievance arbitration hearing was scheduled for November 13, 2001, and a grievance award was entered on November 29, 2001, that mandated that PHA to recalculate the plaintiff's rent, so as to exclude the work study income.  A copy of the award is attached hereto as Exhibit "B".

16.  When defendants failed to comply with the award by failing to make recalculation and by failing to adjust the plaintiff's rental account, counsel for plaintiff notified counsel for defendants, by letter dated February 20, 2002, that this action would be filed unless the defendants brought themselves into compliance with the award by April 1, 2002.  A copy of that letter is attached hereto as Exhibit "C".

17.  As of the date of the filing of this complaint, the defendants have not complied with the award in that they have not recalculated the plaintiff's rent, so as to exclude the work study income, and

have failed to appropriately adjust the plaintiff's rental account.

18. The actions and inactions of the defendants have been negligent, willful, wanton, intentional, outrageous and in reckless disregard of the plaintiff's rights.

19. As a result of the actions and inactions of the defendants, the plaintiff has been forced to expend additional funds from her scarce income.

## V. CLAIMS

20. The actions and inactions of the defendants have violated the plaintiff's due process rights, 42 U.S.C. Section 1983 and the U.S. Housing Act in that:

   a. The defendants have failed and refused to comply with the grievance process in violation of Brown and 24 C.F.R. Sections 966.5 et seq.

   b. The defendants have failed and refused to correctly calculate the plaintiff's rent as required by 42 U.S.C. Section 1437a and 24 C.F.R. § 5.609(c)(6).

25. The actions and inactions of the defendants have violated the rights of the plaintiff under U.S. Higher Education Act, 20 U.S.C. § 1087uu.

26. The actions and inactions of the defendants have violated the plaintiff's rights pursuant to the lease agreement between the parties.

**WHEREFORE**, the plaintiff prays that this Honorable Court grant relief as follows:

   a. Declare that the defendants have violated the plaintiff's due process rights, 42 U.S.C. Section 1983 and the U.S. Housing Act and the supporting regulations.

   b. Declare that the defendants have violated the plaintiff's rights pursuant to:

      i) The U.S. Higher Education Action, 20 U.S.C. § 1087uu;

      ii) The U.S. Housing Act, 42 U.S.C. Section 1437a and the supporting regulation at 24 C.F.R. § 5.609(c)(6); and

      iii) The lease agreement between the parties.

   c. Direct the defendants to, forthwith, bring themselves into compliance with the November 29, 2001 grievance award.

   d. Direct the defendants to bring themselves into compliance with the consent

decree in <u>Brown</u>.

  e. Direct the defendants to bring themselves into compliance with:

   i) The U.S. Higher Education Action, 20 U.S.C. § 1087uu;

   ii) The U.S. Housing Act, 42 U.S.C. Section 1437a and the supporting regulation at 24 C.F.R. § 5.609(c)(6); and

   iii) The lease agreement between the parties.

the <u>Goodmond</u> consent decree.

  f. Direct the defendants to correctly adjust the plaintiff's rent account and to exclude the plaintiff's work study income in the calculation of her rent, both retroactively and prospectively.

  g  Award punitive and compensatory damages to plaintiff.

  h  Award reasonable attorneys fees to counsel for the prosecution of this action.
  i  Grant such additional and alternative relief as may be deemed just and proper.

          _____
          Michael Donahue, Esquire
          Community Legal Services
          1424 Chestnut Street
          Philadelphia, PA  19102
          Tele:  (215)  981-3700
          Counsel for Plaintiff